

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Feb. 25, 1947

Hon. Paul H. Brown
Secretary of State
Austin, Texas

Opinion No. V-47

Re: Proper time for filing and
recording in office of the
Secretary of State a reso-
lution renewing the corpo-
rate term of a railroad
corporation pursuant to the
provisions of Article 6268,
and proper form for said
resolution and its accom-
panying certificate.

Dear Sir:

You have requested an opinion from this department as
to whether or not it would be permissible for a railroad corpora-
tion to file the resolution renewing its corporate term with the of-
fice of the Secretary of State before the expiration of the current
corporate period. The problem of when such resolution should be
filed turns on the construction of Article 6268 which reads as fol-
lows:

"The manner of renewing a railroad corporation
which has expired by lapse of time shall be as fol-
lows:

"1. By a resolution in writing adopted by a ma-
jority of three-fourths of the stockholders of the
company at a regular meeting of the stockholders,
specifying the period of time for which the corpora-
tion is renewed.

"2. Those desiring a renewal of the corporation
shall purchase the stock of those opposed thereto at
its current value.

"3. The resolution, when adopted, shall be cer-
tified to by the president of the company; and he shall
state in his certificate thereto that it was adopted by
a majority vote of three-fourths of all the stockhold-
ers of said company at a regular meeting of such
stockholders, and that the stockholders desiring such

renewal have purchased the stock of those who
oppose such renewal, and such certificate shall be
attested by the secretary of the company under
the seal of the company.

"4. Said resolution and certificate shall be
filed and recorded in the office of the Secretary
of State, and the renewal of said corporation shall
date from said filing."

This article is to be found in Title 112, R.C.S., 1925, enti-
tled "Railroads" and as specific legislation applicable to railroad
corporations provides the exclusive method of renewal or exten-
sion of railroad charters, the statutes relating to renewal of cor-
porate charters generally being inapplicable. 13 Amer. Juris. p.
228, § 85.

The phrase in Article 6268 which causes doubt as to the
proper time for filing such resolution is as follows: "The manner
of renewing a railroad corporation which has expired by lapse of
time shall be as follows: . . ." (Emphasis added) If the under-
scored language is viewed alone and given its literal meaning, the
steps of renewal which are then enumerated would seem to be a
sequence to the expiration of the railroad corporation with the re-
sult that steps accomplishing a renewal could not be taken until
the full period of corporate existence was at an end; however, this
article must be read in connection with the other articles which
provide for the creation and existence of railroad corporations,
most of which were originally enacted in 1876 and all of which
comprise Chapter One entitled "Charters and Amendments" of
Title 112. These articles are not numerous and may be briefly
summarized. Article 6259 gives the minimum number of incor-
porators; Article 6260 requires a railroad corporation building or
operating, etc., a railway in the state to be chartered under the
laws of Texas; Article 6261 regulates the amount of stock sub-
scription and the amount to be paid in; Article 6262 gives the req-
uisites for the articles of incorporation and reads as follows:

"The persons proposing to form a railroad
corporation shall adopt and sign articles of in-
corporation, which shall contain:

"1. The name of the proposed corporation.

"2. The places from and to which it is in-
tended to construct the proposed railroad, and
the intermediate counties through which it is
proposed to construct the same. Local suburban
railways may be constructed for any distance

less than ten miles from the corporate limits
of any city or town, in addition to such mileage
as they may have within the same; and in such
case the general direction shall be given from
the beginning point.

"3. The place at which shall be established
and maintained the principal business office of
the proposed corporation.

"4. The time of the commencement and the
period of the continuation of the proposed cor-
poration.

"5. The amount of the capital stock of the
corporation.

"6. The names and places of residence of
the several persons forming the association for
incorporation.

"7. The names of the members of the first
board of directors, and in what officers or per-
sons the government of the proposed corporation
and the management of its affairs shall be vested.

"8. The number and amount of shares in the
capital stock of the proposed corporation."

Article 6263 provides that the Attorney General approve the ar-
ticles of incorporation and attach thereto a certificate to that
effect. Article 6264 provides for an affidavit to the amount of
subscriptions, etc., sworn to by at least three of the directors,
and to be recorded with the articles of incorporation in the of-
fice of the Secretary of State. Once these steps are taken "The
existence of such corporation shall date from the filing of the
articles of incorporation in the office of the Secretary of State,
and the certificate of the Secretary of State under the seal of the
State, shall be evidence of such filing," Article 6265; but "No
railroad corporation shall be formed to continue more than fifty
years, but such corporation may be renewed from time to time
for periods not longer than fifty years." Article 6267. Article
6268 has previously been set out in full. Only six articles re-
main in Chapter One and these relate respectively to sale or con-
veyance under special law, the lien in such instances, amend-
ments to articles of incorporation, and amendments limited in
application to branch lines.

Clearly Chapter One covers three stages in corporate

existence: creation: Articles 6259-6266; growth: Articles 6271-6274; and extinction; Article 6267, or, in the alternative, renewal, Articles 6267, 6268. A comparison of Article 6262, previously quoted and having to do with the filing of articles of incorporation, i.e. creation, and Article 6268, previously quoted and having to do with renewal, reveals two entirely different procedures. Now if Article 6268 meant that renewal could be had only if the corporate entity or being had ceased to exist or, in the words of the statute, "had expired," it would be necessary to recreate that being; but the only method for creation being set out in Articles 6259-6266, Article 6268 could never be followed. The terms of Article 6268 clearly contemplate that the resolution authorizing renewal be taken while the corporation is in being. Section 1 speaks of "stockholders," "regular meetings," "president of the company," etc. Let us consider the situation which would arise if the resolution taken during corporate existence could not be filed until that existence had terminated. Unless the moment of termination and the moment of continuation followed consecutively, the corporation would have ceased to exist. How then revive it by any method save rebirth and the procedure of Articles 6259-6266? In the meantime in what limbo would the defunct corporation find itself? It can hardly be supposed that the Legislature intended renewal to be fraught with such technicalities or that actual coincidence of expiration and renewal is required.

It is true that Sec. 4 of Article 6268 prescribes that the renewal of the corporation shall date from the filing and recording of the certificate and resolution in the office of Secretary of State. In one sense under this section the language in question here may be explained, for by so filing the corporation has elected to shorten its allotted time; therefore, by one act of filing it "has expired" and is renewed.

The recent Supreme Court case of Flewarra v. Pecos River R. Co., 156 S. W. (2d) 260, held that the filing of such a resolution as we are here discussing was "the filing of a charter within the meaning of Article 3914" which provides the fees to be paid to the Secretary of State on such filing; but the court en motion for rehearing expressly said that ". . . we are in full accord with the rule that when a corporation extends its life by amendment to its charter, such extension is not the formation of a new or different corporation, but is simply a continuation of the old. . . . We do not held that a new or different corporation is created, in fact we hold to the contrary." In this case the facts show that the original charter of the Pecos River R. Co. was filed in the office of the Secretary of State on March 1, 1890, and that "on February 27, 1940 a renewal of the Railroad charter was filed in the office of the Secretary of State." The year 1940 was a leap year, and the 27th of February fell on Tuesday; therefore, the corporate existence could

not have expired at the time the renewal was filed. True the court does not rule on the propriety of the date of filing; apparently it was not questioned; but in view of the court's language, previously quoted, to the effect that such renewal amounted to a continuation of the old corporation and in view of the foregoing analysis of the provisions of Chapter I on Charters and Amendments, it is the opinion of this department that the resolution extending the corporate term of a railroad corporation could be filed and recorded in the office of the Secretary of State before the expiration of the then current period of existence of said corporation.

The form of the resolution and the accompanying certificate which you have submitted to us comply with all the requirements of Article 6268, are not in conflict with the provisions of Chapter I of Title 112, R.C.S. of 1925, nor with the laws of the United States, nor of this State, and if so prepared, adopted, signed, and submitted to the Attorney General, he will attach thereto a certificate to that effect.

## SUMMARY

In view of the provisions of Chapter I, Title 112, R. C. S., 1925, and in view of Flowers v. Pecos River R. Co., 156 S. W. (2d) 260, a resolution renewing a railroad corporation could be filed and recorded in the office of the Secretary of State before the expiration of the then current corporate period of existence. The resolution and accompanying certificate must comply with the requirements of Article 6268, R.C.S., 1925.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Marietta Payne_
Marietta Payne
Assistant

MP:jt:sl

APPROVED
OPINION COMMITTEE
BY   BWB
CHAIRMAN

APPROVED FEB 25 1947

_Price Daniel_

ATTORNEY GENERAL OF TEXAS